JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIYAWNA WASHINGTON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>TARGET CORPORATION, et al.,<br><br>　　　　　　　Defendants. | Case No. 5:23-cv-01133-FLA (SPx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## RULING

On May 10, 2023, Plaintiff Riyawna Washington ("Plaintiff") initiated this action against Defendant Target Corporation ("Defendant"), and DOES 1 through 10 in the San Bernardino County Superior Court. Dkt. 1-1, Ex. A ("Compl."). The Complaint asserts three state-law claims based on the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 et seq. *Id.*

On June 14, 2023, Defendant removed the action to this court based on alleged diversity jurisdiction. Dkt. 1 ("NoR"). In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000. *Id.* at 4–7.[1]

On August 10, 2023, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 13. Only Defendant filed a response. Dkt. 16 ("Def. Resp.").

Having reviewed the Notice of Removal and Defendant's response to the court's OSC, and for the following reasons, the court finds Defendant fails to establish subject matter jurisdiction and accordingly REMANDS this action to the San Bernardino County Superior Court.

## DISCUSSION

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte

---

[1] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

### A.   Lost Wages

Defendant asserts that, at the time of Plaintiff's termination, she was earning $23.44 per hour and worked approximately 36 hours per week. NoR at 5; Def. Resp. at 5–6. Defendant, therefore, calculates Plaintiff's weekly earnings to be $843.84. *Id.* The Complaint alleges Plaintiff was terminated on November 24, 2022. Compl. ¶ 29. Accordingly, 202 days (or 28.86 weeks) elapsed between the date of Plaintiff's termination and Defendant's Notice of Removal on June 14, 2023. As of the date of removal, therefore, Plaintiff had accrued $24,353.22 in lost wages.[2]

Many courts in this district have declined to project future lost wages beyond

---

[2] Defendant calculates Plaintiff's lost wages as of the date of removal to be $26,159.04. Def. Resp. at 6. While Defendant and the court calculate different figures, the difference is ultimately irrelevant, as the court finds Defendant has otherwise failed to establish the amount in controversy exceeds $75,000.

3

the date of removal. *See Ramirez v. Builder Servs. Grp., Inc.*, Case No. 5:22-cv-1571-JGB (KKx), 2023 WL 115561, at *4 (C.D. Cal. Jan. 5, 2023) (collecting cases). The court agrees with *Ramirez* and declines to project lost wages through the trial date in this action. The court will consider Plaintiff's claimed lost wages as of the date of removal only.

### B.  Emotional Distress

Next, Defendant asserts Plaintiff's potential emotional distress and punitive damages exceed $900,000. Def. Resp. at 6.[3]

To determine the amount of emotional distress damages in controversy, courts consider the amount of emotional distress damages awarded by juries in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1146–47 (E.D. Cal. 2018). "[T]he cases must be factually identical or, at a minimum, analogous to the case at issue." *See Mireles v. Wells Fargo Bank, N.A.,* 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012). Courts are not required to include emotional distress damages as part of the amount in controversy when the party asserting jurisdiction fails to provide evidence of jury awards from similar cases. *Aguilar v. Wells Fargo Bank, N.A.*, Case No. 5:15-cv-01833-AB (SPx), 2015 WL 6755199, at *6 (C.D. Cal. Nov. 4, 2015); *Rybalnik v. Williams Lea Inc.,* Case No. 2:12-cv-04070-ODW (AGRx), 2012 WL 4739957, at *3 (C.D. Cal. Oct. 4, 2012) ("[M]erely pointing to cases where juries have awarded hefty damages sums in the past without further explanation . . . how the facts in those cases compare to the facts presented here is . . . insufficient to meet [the] burden to establish the amount in controversy by a preponderance of the evidence.").

Here, Defendant fails in its burden. Although Defendant cites to two cases in which a California jury awarded over $3 million and $300,000 (Def. Resp. at 7–8), Defendant fails to describe how the facts of this case are similar to the facts of those

---

[3] The court addresses punitive damages in Section C, *infra*.

4

cases, other than the mere fact they were also premised on disability discrimination. Accordingly, the court does not include any emotional distress damages in the demonstrated amount in controversy.

### C.   Punitive Damages

Defendant's inclusion of punitive damages is likewise speculative and insufficient to meet its burden. Defendant cites to one case in which a jury awarded $500,000 in punitive damages. Def. Resp. at 8. However, "the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Ogden v. Dearborn Life Ins. Co.*, 644 F. Supp. 3d 559, 564 (D. Ariz. 2022). "Defendant must present appropriate evidence, such as jury verdicts in analogous cases, to show that a claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000." *Id.* at 564–65. This involves "articulat[ing] why the *particular facts* that are alleged in the instant action might warrant extraordinary punitive damages." *Id.* at 565 (emphasis in original) (quoting *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996)). Defendant fails to carry this burden and accordingly fails to show that any particular amount of punitive damages is in controversy in this case.

### D.   Attorney's Fees

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). A removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

Defendant estimates Plaintiff's counsel would have billed approximately 76

hours through the date of removal.  Def. Resp. at 9.  Defendant further cites to a 2022 Los Angeles County Superior Court case in which Plaintiff's counsel testified he billed at an hourly rate of $650.  *Id.*

California Government Code § 12965(c)(6) allows the court, in its discretion, to award the prevailing party in a FEHA action reasonable attorney's fees and costs. Defendant, however, fails to submit evidence or identify comparable attorney's fee awards in other factually similar actions, as required for the court to conclude it is more likely than not Plaintiff will recover attorney's fees if she were to prevail here. The mere fact that the court may exercise its discretion to award Plaintiff attorney's fees if she were to prevail is insufficient to demonstrate that such award is reasonably likely or should be included in the amount in controversy.  Defendant, thus, fails to meet its burden to demonstrate that the parties' estimate of Plaintiff's attorney's fees is not speculative, and the court will not include this estimate in its amount in controversy calculations.

## **CONCLUSION**

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.  Therefore, there is no basis for diversity jurisdiction.  *See* 28 U.S.C. § 1332.

/ / /

/ / /

/ / /

1   For the foregoing reasons, the court REMANDS the action to the San
2   Bernardino County Superior Court, Case No. CIV SB 2310067.  All dates and
3   deadlines in this court are VACATED.  The clerk of the court shall close the action
4   administratively.

6   IT IS SO ORDERED.

8   Dated: December 21, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge